# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF WORCESTER, OCTOBER TERM 1830, AT WORCESTER.

PRESENT :

HON. LEMUEL SHAW, CHIEF JUSTICE,
HON. SAMUEL PUTNAM,
HON. SAMUEL S. WILDE, } JUSTICES.
HON. MARCUS MORTON,

---

## WILLIAM SIGOURNEY *versus* MORRIS LARNED.

Where a deed of real estate was acknowledged before the register of deeds and handed to him to be recorded, and at the same instant a creditor of the grantor attached the real estate, it was *held*, that the attachment had the priority, inasmuch as the deed could not be on record without a certificate of the acknowledgment, and some time must have elapsed before the certificate could have been written

THIS was a bill in equity to redeem.

Isaac Amidon, under whom both parties claimed, made a deed of mortgage to the defendant, dated the 7th of April, 1827.

It appeared by the deposition of the register of deeds, that on the 8th of April, which was Sunday, Amidon came to his dwellinghouse and entered the door while the clock was striking twelve at midnight, and that Amidon handed the deed to the register, who was a justice of the peace, requesting him to take the acknowledgment of the deed and to record it.

72

The register received the deed, but he did not recollect whether the certificate of the acknowledgment was affixed at that time, or after daylight on the same morning.

The register made a memorandum on the deed, that it was received and recorded on the 9th of April at one minute after twelve o'clock, A. M.

The land was the subject of two previous mortgages, which were afterwards assigned to the defendant.

The plaintiff derived his title from an attachment made " instantly after twelve o'clock " on the morning of the 9th of April, without notice of the mortgage to the defendant.

The plaintiff tendered the sum due on the two mortgages of which the defendant was the assignee, and the question was, whether the attachment was to be preferred before the third mortgage.

*Tufts* and *Prentiss*, for the plaintiff, cited *St.* 1783, *c.* 37, § 4, and *Pidge* v. *Tyler*, 4 Mass. R. 544, as to the purpose of an acknowledgment ; and Co. Lit. 185*b*, and *Broughton* v. *Randall*, Cro. Eliz. 503, as to the dividing of a day.

*Barton*, for the defendant, said the object of an acknowledgment is not to furnish notice to strangers, but to authorize the register to record the deed ; *Marshall* v. *Fiske*, 6 Mass. R. 30 ; *Pidge* v. *Tyler*, 4 Mass. R. 541. An acknowledgment to the register personally is equivalent to the certificate of another magistrate, and if he makes his certificate before the deed is copied into the record book, it will be sufficient. If the certificate was not requisite to its being considered to be on record, the titles of the plaintiff and defendant accrued simultaneously, making them tenants in common of the equity of redemption, and consequently this bill cannot be sustained. *Shove* v. *Dow*, 13 Mass. R. 529.

*Per Curiam.* Whether a delivery of a deed to the register at his dwellinghouse is equivalent to a delivery at his office, need not be determined, as the Court are of opinion, that independently of that question, the deed to the defendant was received and recorded under such circumstances, as will not allow it to have the preference over the attachment. It was not in a state to be considered as recorded, until after the attachment was made. It should not only be acknowledged, but

*Sigourney*
*v.*
*Larned.*

*Oct. 6th*

*Oct. 8th.*

Sigourney
*v.*
Larned.

the certificate of acknowledgment should be completed, before the delivery to the register, in order that such delivery shall constitute a record.   The certificate of acknowledgment is to be a part of the record.   It is not sufficient that the register is informed of the acknowledgment ; the object of recording is to give notice to others.   Until this certificate was affixed, the fact that the deed was acknowledged and in the register's hands, could not be notice.   By the statute, (*St.* 1783, *c.* 37, § 4,) a deed, to have effect against any but the grantor and his heirs, and to entitle it to be recorded, must be acknowledged by such grantor before a justice of the peace.[1] Here Mr. Ward acted in the double capacity of justice of the peace, and register of deeds.   He could not consider the deed as in his official custody in the latter capacity, until he had done his office in taking the acknowledgment of the grantor in the former, which must necessarily take some time.   The exact time when the certificate was made, does not distinctly appear ; but the probability is, that is was not done till the next morning.   But we do not decide the case upon that ground ; had the magistrate proceeded instantly to write the certificate of acknowledgment, it must have taken some time, during which the attachment took effect.   Where, in a controverted question of property, the parties stand upon equal grounds, in point of equity, the legal title shall prevail ; and in such cases slight circumstances are sufficient to determine that priority, upon which the preferable legal title depends.   Here we think the attachment was prior in time, and the maxim *prior in tempore, potior in jure,* must decide in favor of the attaching creditor.

*Redemption decreed.*

---

[1] See Revised Stat. *c.* 59, § 22.